# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1194 | **DATE** | 5/25/2011 |
| **CASE TITLE** | Thomas F. Dwyer vs. George E. Reeder | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court strikes as moot in part and denies in part defendants' motion to strike and dismiss [doc. no. 52].

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff has sued defendants for injuries he received when his car collided with a semi-truck owned by defendants Marten Transport, Ltd. and Marten Transport Services, Ltd. ("Marten") and operated by their employee, defendant Reeder. The case is before the Court on defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Counts III, IV and V of the amended complaint and the claim for punitive damages asserted against the corporate defendants. For the reasons set forth below, the Court strikes as moot in part and denies in part the motion.

### Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In Counts III-V, plaintiff asserts "claims" for gross negligence, willful and wanton conduct and damages, respectively. (Am. Compl. ¶¶ 19-21.) Illinois does not recognize independent claims for gross negligence, willful and wanton conduct or damages. *Merit Ins. Co. v. Colao*, 603 F.2d 654, 659 (7th Cir. 1979) ("Illinois does not recognize gross negligence as an independent ground for recovery." (citing *Chi., Rock Island & Pac. Ry. Co. v. Hamler*, 215 Ill. 525, 74 N.E. 705 (Ill. 1905)); *Ziarko v. Soo Line R.R. Co.*, 641 N.E.2d 402, 406 (Ill. 1994) ("There is no separate and independent tort of 'willful and wanton' misconduct."); *McGrew v. Heinold Commodities, Inc.*, 497 N.E.2d 424, 429 (Ill. App. Ct. 1986) ('[P]unitive damages represent a type of relief rather than an independent cause of action."). But, to recover punitive damages for negligence, plaintiff must show that defendants acted "willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359 (Ill.

| STATEMENT |
|---|

1978). Thus, though they are styled as "claims," Counts III, IV and V are really supplemental allegations of negligence and a prayer for relief. Because these counts are claims in name only, the Court strikes as moot defendants' motion to dismiss them.

Defendants also ask the Court to dismiss plaintiff's punitive damages claim against Marten, arguing that there is no basis imposing such liability. Under Illinois law:

> "Punitive damages can properly be awarded against a master or other principal because of an act by an agent . . . only if: (a) the principal authorized the doing and the manner of the act, or (b) the agent was unfit and the principal was reckless in employing him, or (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or (d) the principal- or the managerial agent of the principal ratified or approved the act."

*Tolle v. Interstate Sys. Truck Lines, Inc.*, 356 N.E.2d 625, 627 (Ill. App. Ct. 1976) (quoting Restatement (Second) of Agency § 217C). For the purposes of this motion, plaintiff's allegation that Marten negligently hired and retained Reeder (Am. Compl. ¶ 18a), adequately states a vicarious punitive damages claim.